UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rodney Jerome Blackmon,

Petitioner,

v.

Minnesota Department of Corrections,

Respondent.

Civil File No. 00-2298 (MJD/FLN)

**REPORT AND RECOMMENDATION**

Rodney Jerome Blackmon, Petitioner, *pro se*.

MarkNathan Lystig, Assistant Ramsey County Attorney, Minnesota, for Respondent.

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) Respondent has filed a return contending that the petition should be denied. (Docket No. 5) The matter has been referred to the undersigned for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be denied and that this action be dismissed with prejudice.

## I. BACKGROUND

Petitioner is challenging his 1999 state court conviction for third degree criminal sexual conduct. His conviction stems from an incident that occurred on November 23, 1998. At trial, the prosecution presented evidence showing the following:

In the early morning hours of November 23, 1998, police were dispatched to an apartment in Roseville, Minnesota, in response to a 911 call. The caller, B.N., claimed she had been raped by Petitioner. B.N. apparently shared an apartment with Petitioner's brother. At the time, B.N. had been

FILED FEB 16 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

separated form her husband and was dating a Derrick Barber ("Barber"). On November 22, 1998, B.N. and Petitioner's brother invited Barber, Petitioner and a few other friends to the apartment for a party. Barber and B.N had sex in the bathroom and went to sleep on a large sofa in the living room while her daughter slept on the floor. Barber left the apartment after B.N. fell asleep.

B.N. told police that she awoke in the middle of the night to find Petitioner on top of her, his hand over her mouth, her underwear around her ankles, sexually penetrating her. She was able to break free and call the police. Petitioner claimed that the sexual encounter was consensual, but that B.N. later became upset. She was taken to a hospital where tests revealed the presence of semen matching Petitioner's DNA and trichomoniasis, a venereal disease. Petitioner was subsequently arrested and charged with third degree criminal sexual conduct. He was tried before a jury, found guilty and sentenced to 48 months in state prison.

Petitioner's attorney filed a direct appeal on Petitioner's behalf, claiming that the trial court deprived the Petitioner of his constitutional right to present a complete defense by refusing to admit evidence that B.N. suffered from a sexually transmitted disease at the time of the alleged rape. Petitioner also filed his own *pro se* brief that raised the same issue. The Court of Appeals addressed and rejected all of the arguments raised by Petitioner's attorney and by Petitioner himself, and Petitioner's conviction and sentence were therefore affirmed. State v. Blackmon, No. C5-99-1786 (Minn. Ct. App. 1999). On September 13, 2000, the Minnesota Supreme Court denied Petitioner's request for further review.

On October 12, 2000, Petitioner filed his present application for federal habeas corpus relief under 28 U.S.C. § 2254. The instant petition lists two claims for relief – the same claims that Petitioner raised in his brief filed with the Minnesota Court of Appeals, i.e., (1) that the trial court

deprived the Petitioner of his constitutional right to present a complete defense by refusing to admit evidence that B.N. suffered from a sexually transmitted disease at the time of the alleged rape; and (2) the trial court's exclusion of the evidence was an abuse of discretion that constituted prejudicial error.[1] For the reasons discussed below, the Court concludes that Petitioner is not entitled to relief on any of those claims.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the standards that govern this Court's review of habeas corpus petitions filed by state prisoners. The relevant portion of the AEDPA, 28 U.S.C. § 2254(d), provides that:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

In Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000), the United States Supreme Court discussed the meaning of this statute, and how it should be applied by the federal district courts. The Court pointed out that

---

[1] Although the Respondent believes that the facts raised by the Petitioner seem to raise a speedy trial issue, a careful review of the Petitioner's habeas corpus petition does not lead this Court to a similar conclusion. None of the facts in the petition appear to raise a speedy trial issue and thus will not be addressed by this Court. Assuming *arguendo*, that the Petition did indeed raise a speedy trial issue, such a claim fails because the Petitioner failed to exhaust available state remedies. See Ex Parte Royall, 117 U.S. 241 (1886); Stickland v. Washington, 466 U.S. 668 (1984).

> "a state-court decision can be 'contrary to' this Court's clearly established precedent in two ways. First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a conclusion opposite to ours."

Id. at 1519 (emphasis added).

> "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."

Id. at 1523.

The Court further explained that

> "A federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable.... [¶] [A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

Id. at 1521-22 (emphasis added).

A writ of habeas corpus may also be available where the state courts' resolution of a prisoner's criminal case is "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2). In other words, habeas relief can be granted if the conviction is based on findings of fact that are not reasonably supported by the evidentiary record. When reviewing a state court decision, however, "a federal court. . . presumes that the state court's factual determinations are correct," and that presumption "may be rebutted only by clear and convincing evidence." Lee v. Gammon, 222 F.3d 441, 442 (8th Cir. 2000).

Accordingly, this Court is not free to conduct its own de novo review of a prisoner's

constitutional claims. Habeas relief cannot be granted unless the prisoner has identified, and substantiated, a specific error committed by the state courts. Moreover, he must show that the state courts committed the type of error that is actionable under § 2254(d), as that statute has been interpreted by the Supreme Court in Williams.

## III. DISCUSSION

A. Denial of Petitioner's constitutional right to present a complete defense by refusing to admit evidence of B.N.'s sexually transmitted disease

Petitioner initially contends that his conviction should be vacated because the trial court deprived the Petitioner of his constitutional right to present a complete defense by refusing to admit evidence that B.N. suffered from a sexually transmitted disease at the time of the alleged rape. He argues that the evidence was relevant because it proved that B.N. had consensual, unprotected sex with him in order to infect him with the disease. (Docket No. 1).

The Petitioner's claim was addressed by the Minnesota Court of Appeals' decision on his direct appeal. Citing , State v. Svoboda, 331 N.W.2d 772, 775 (Minn. 1983) and State v. Crims, 540 N.W.2d 860, 867-68 (Minn. Ct. App. 1995) the Court of Appeals correctly ruled that a prisoner bears the burden of establishing the relevance of sexual history that is normally irrelevant in a criminal sexual prosecution. See Blackmon, C5-99-1786 at *4. Because Petitioner failed to offer evidence that B.N. knew she had been infected with the disease at the time of the assault, evidence of the disease was irrelevant because it did not tend to prove she had consensual sex with Petitioner in order to infect him. Id., citing Minn. R. Evid. 401.

The state court's citation to Minn. R. Evid. 401 and Svoboda clearly demonstrates that the proper legal standard was applied to Petitioner's claim. Furthermore, Petitioner has not cited any U.S.

Supreme Court decision involving facts that are "materially indistinguishable" from the facts of record here, in which a similar claim was upheld. Thus, it cannot be said that the state court decision on Petitioner's claim is "contrary to" established federal law for purposes of § 2254(d)(1). See Taylor v. Illinois, 108 S.Ct. 646, 653 (1988)(A defendant has no right to introduce evidence in violation of the rules of evidence).

Petitioner has also failed to show that the State Court of Appeals' decision in his case involves either (i) an "unreasonable determination of the facts in light of the evidence presented in the state court proceeding," or (ii) an "unreasonable application of clearly established Federal law" to the facts of the case. 28 U.S.C. §§ 2254(d)(1) and (2). The Court of Appeals could not have committed either of those two errors, because Petitioner did not present any facts to that court (or any other court) to consider. Petitioner's claim is fundamentally flawed because he has offered no evidence to support it. Both here and in his state court appeal, Petitioner has offered only the conclusory assertions that the evidence would have proved that B.N. had sex with him in order to infect him.

As the Respondent correctly argues, Petitioner did not establish a factual basis to believe that B.N. knew she had the disease before they engaged in intercourse. Since B.N. had no knowledge of the disease, she could not have the motive to infect him with the disease. Additionally given the uncertainty of whether B.N. knew about the infection, evidence of the disease would result in jury speculation. More importantly, the Minnesota Court of Appeals correctly noted that evidence of B.N.'s venereal disease was inadmissible under Minnesota's rape shield law. See Minn. Stat. § 609.347, subd. 3(1998); Minn. R. Evid. 412. Thus, the court's decision to exclude the evidence was based on state law and rules of evidence and is binding on this Court. See Glaze v. Redman, 986F.2d 1192, 1195 (8th Cir. 1993)(stating that when a petitioner's federal habeas corpus claim is based upon

a theory which can be determined as a matter of state law, the federal court is bound by the state court's interpretation of state law). Petitioner's claim is based on nothing more than his own speculation and is unsupported by any evidence in the record. There is no reason to think that the excluded evidence would have provided any material aid to his defense. After full review of the facts, this Court does not find that the Minnesota Court of Appeals' evidentiary ruling infringed upon a specific constitutional protection or amounted to a denial of due process.

Because Petitioner provided only conclusory assertions to the state courts, unsupported by any specific relevant evidence, those courts could not have made any unreasonable factual determinations pertaining to Petitioner's claim. For the same reason, the state courts could not have made an objectively unreasonable application of the relevant law to the facts of the case, or committed an error of constitutional magnitude. Therefore, Petitioner cannot be granted habeas corpus relief on his claim pursuant to either the "unreasonable determination of the facts" clause in § 2254(d)(2), or the "unreasonable application of clearly established Federal law" clause in § 2254(d)(1).

B. Abuse of Discretion

In his second claim for relief, Petitioner argues that the trial court's exclusion of the evidence was an abuse of discretion that constituted prejudicial error. As already discussed above, the state court's discretionary decision to exclude the evidence was proper and therefore, could not be an abuse of discretion. Petitioner's abuse of discretion claim must therefore be denied.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**; and

2. This action be **DISMISSED WITH PREJUDICE.**

DATED: February 15, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of service of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service of the objections. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.